UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

-------------------------------------------------------------X

RACHEL PIERCE,

                                        Plaintiff,                          **23-CV-2481 (KHP)**

                -against-                                          **OPINION & ORDER**


COMMISSIONER OF SOCIAL SECURITY

                                        Defendant.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/2026

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff Rachel Pierce ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) on March 24, 2023, seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability benefits.  (ECF No. 4)  Her Complaint was filed through J. Anklowitz of Pasternack Tilker (ECF No. 4), however on May 12, 2023, counsel for Plaintiff filed a motion to withdraw (ECF No. 11) and the Court granted the motion.  (ECF No. 12)  Thereafter, Plaintiff engaged Osborn Law, P.C., to represent her in this action.

On June 14, 2023, the Court so ordered the parties' joint stipulation (ECF No. 15) remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On August 2, 2023, Plaintiff's counsel sought payment of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The parties agreed on an EAJA fee of $1,098.00 and reimbursement of expenses in the amount of $402 and entered a Stipulation and Order to that effect.

On September 1, 2025, the Social Security Administration issued a Notice of Award setting forth benefits totaling $41,434.00 payable to Plaintiff. Osborn Law, P.C. did not receive the Notice of Award until October 15, 2025, as the Notice was sent to the offices of Pasternack Tilker.

On October 28, 2025, Plaintiff and her counsel filed a motion seeking attorneys' fees in the amount of $8,000.00 for 4.0 hours of legal work performed in connection with the above-entitled action. Based on the reasoning set forth below, the Court authorizes Section 406(b) fees in the amount of $8,000.00 to be paid from past-due benefits withheld by the Commissioner.[1]

## LEGAL STANDARD

"Section 406 discretely addresses attorneys' fees expended in connection with administrative proceedings, 42 U.S.C. § 406(a), and those in connection with a challenge in court, 42 U.S.C. § 406(b)". *Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025). "When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made ... and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20 Civ. 2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted). The Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Accordingly, a fee awarded under Section 406(b) does not operate as a fee-shifting mechanism between the litigants; rather, it represents compensation that the Social

---

[1] This action is before the Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 8)

Security claimant personally pays to their own counsel.  *See Wells v. Sullivan*, 907 F.2d 367, 370-71 (2d Cir. 1990).  Pursuant to the Social Security Act, a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed 25 percent of the amount of past-due benefits awarded to the claimant. *See* 42 U.S.C.§ 406(b)(1)(A).

**ANALYSIS**

### A.  Timeliness of § 406(b) Fee Applications

A fee application under a Section 406(b) motion must be filed within 14 days after the entry of judgment.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019).  However, this rule is subject to equitable tolling since the Commissioner's notice of award may be issued after the 14-day deadline has expired, and the statutory cap on fees for which parties may apply depends on the benefits award.  *See Sinkler*, 932 F.3d at 83,88 ("Once counsel receives notice of the benefits award ... there is no sound reason not to apply [Rule 54(d)'s] fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.")  To alleviate this procedural hurdle, the Second Circuit has applied the doctrine of equitable tolling such that the 14-day filing period starts to run from the date counsel is notified of the amount of any benefits award.  *See id*.

Plaintiff filed this motion on October 28, 2025, which is 13 days after Plaintiff's counsel received the Notice of Award on October 15, 2025.  Pursuant to Rule 54 as delineated by *Sinkler*, the motion was within the 14-day deadline, thus timely.  *See id*.

### B.  Reasonableness of § 406(b) Fee Applications

Counsel's request for attorney's fees must also be reasonable under the law.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir.

1990).  The Supreme Court has instructed that, where there is a contingency agreement in a successful social security case, courts should approach Section 406(b) determinations by first looking to the contingency agreement, test it for reasonableness, and "reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Wells*, 907 F.2d at 371.  Courts consider three factors to determine reasonableness: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *See id.,* at 372.

Here, the fee agreement between counsel and Plaintiff provides that the fee for representation will be the greater of (i) 25% of any past-due benefits, or (ii) such amount as may be obtained pursuant to EAJA.  As a threshold matter, the requested fee of $8,000.00 is in line with the contingency agreement, as it is greater than the amount obtained pursuant to the EAJA, so it should be tested for reasonableness.

The requested $8,000.00 fee is also within the 25 percent cap, since the Social Security Administration ultimately withheld $41,434.00 from Plaintiff's past-due benefits to pay court, counsel, or representative fees.  Further, there is no evidence that the contingency agreement was executed through fraud or overreaching.  The agreement, signed by Plaintiff, states in plain language that she agrees to pay Daniel A. Osborn of Osborn Law, P.C. as much as 25 percent of any past-due benefits and neither Plaintiff nor the Commissioner opposes counsel's motion.  As to the third factor, the fee of $8,000.00 sought yields a *de facto* hourly rate of $2,000.  Though it is on the higher end, it is reasonable and in line with other awards in this District.  *See e.g., Bay v. Comm'r of Soc. Sec.*, No. 20 Civ. 9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025)

(approving a *de facto* hourly rate of $1,861 and finding that it was "in line with amounts that courts have found reasonable"); *Mannouris v. Comm'r of Soc Sec.*, No. 20 Civ. 9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, No. 20 Civ. 9790 (AT) (BCM), 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) (approving a *de facto* hourly rate of $1,912).

*Fields v. Kijakazi* clarifies that in determining whether there is a windfall that renders a Section 406(b) fee unreasonable, courts should consider more than the *de facto* hourly rate, outlining four factors: (1) the ability and expertise of the lawyers and whether they were particularly efficient, (2) the nature and length of the professional relationship with the claimant, (3) the satisfaction of the disabled claimant, and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *See* 24 F.4th 845, 853-56 (2d Cir. 2022).

Plaintiff's counsel expended 4.0 hours of attorney time and 3.8 hours of paralegal time prosecuting this case. Analyzing the factors above, first, the total time billed and the favorable outcome for Plaintiff indicate counsel was experienced and efficient in litigating the remand that ultimately resulted in an award of benefits to Plaintiff. *See e.g., Borus v. Astrue*, No. 09 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012) (holding that a plaintiff's success in securing reversal of the ALJ's decision is a factor to consider in determining appropriate attorney's fees). Courts in this circuit often find twenty to forty hours is a reasonable amount of time on routine Social Security cases. *See id.*, at *3. The time spent by Plaintiff's counsel is well within, and even a conservative measure of, what is found to be reasonable for Social Security cases.

Second, the requested fees are further supported by the nature of the representation. Counsel has represented Plaintiff in this matter for almost two and a half years. "This multi-year professional relationship weighs in favor of approving" the requested fee, as it "demonstrates continuity of representation and sustained advocacy." *Fields*, 24 F.4th at 855; *see also Meyer v. Acting Comm'r. of Soc. Sec.*, No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978 at *5 (S.D.N.Y. Oct. 9, 2025). Here, unlike counsel in *Fields*, where the Court considered counsel's representation of the plaintiff at the agency level in its fee determination, Plaintiff's counsel did not represent Plaintiff at administrative proceedings. *Fields*, 24 F.4th at 855. Nevertheless, counsel's lack of representation at the agency level does necessitate a reduction. *See Molina v. Saul*, No. 19 Civ. 10575 (JCM), 2021 WL 2117398 at *3 (awarding attorneys' fees for 13.04 hours expended on the plaintiff's federal social security case and concluding counsel would not receive a windfall from the fee award even though he did not represent the plaintiff at the agency level); *see also Barnes v. Kijakazi*, No. 23 Civ. 7986 (SLC), 2024 WL 4986943 at *3 (S.D.N.Y. Dec. 5, 2024) (finding that even though counsel did not represent plaintiff at administrative proceedings, this factor did not warrant a downward adjustment).

Third, nothing in the record indicates that Plaintiff is anything other than satisfied with her entitlement to benefits.

Fourth and finally, the uncertainty of a favorable result for Plaintiff also militates in favor of granting the requested fee. Attorneys prosecuting Social Security litigation face a substantial risk due to the contingent nature of these actions. *See Fields*, 24 F.4th at 855-56. "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells*, 907 F.2d at 371.

A windfall is more likely to be present in a case where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery.  *See Fields*, 24 F.4th at 856.  Counsel secured a favorable outcome for Plaintiff, however, the possibility of an adverse result – and with it, no recovery for counsel – remained a genuine possibility throughout this action, as evinced by the claim's initial denial by the ALJ.  *See Meyer*, 2025 WL 2879978 at *5 (holding that successful result for the plaintiff did not nullify the justification of a fee request)*; Gabriel v. Comm'r of Soc. Sec.,* No. 20 Civ. 3089 (WFK) (PK), 2024 WL 5416754, at *5 (E.D.N.Y. Oct. 24, 2024) (noting the "inherent uncertainty of social security cases" along with the prior denials and rejections of benefits by an ALJ and the Appeals Council to weigh in favor of a fee request).  Counsel bore this risk for more than two years.  The requested fee thus reflects fair compensation for achieving success, not an unearned windfall.

**CONCLUSION**

In light of the foregoing, the Court determines that the requested award is reasonable, and that attorney's fees be GRANTED in the amount of $8,000.00.  This amount is within 25% of the past due benefits awarded to the Plaintiff.  Upon receipt of this sum, counsel is directed to refund directly to the Plaintiff the previously awarded EAJA fee of $1,098.00 and reimbursement of expenses in the amount of $402.  *See Gisbrecht*, 535 U.S. at 796 (explaining that where a fee award is made under both EAJA and 42 U.S.C. § 406(b), claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.")

**<u>The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 19.</u>**

**SO ORDERED.**

DATED:        New York, New York
              January 16, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge